IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRISTAN W. HOOD,

      Plaintiff,

    v.                                            Civ. No. 23-1024 JB/JFR

COMMERCIAL ENTERPRISES, GRANCORE ENTERPRISES,
AND CENTRAL & NORTHERN NM APPRENTICESHIP
TRAINING PROGRAM,

      Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.3d 489 (10th Cir. 1990). Doc. 22. On March 5, 2024, Defendant Central & Northern NM Apprenticeship Training Program filed its *Request to Set Aside Clerk's Entry of Default* ("Motion"). Doc. 29. On April 1, 2024, Plaintiff responded, and on April 4, 2024, Defendant replied. Docs. 33, 34. The Motion is ripe for decision.

Plaintiff is litigating this case pro se. The Court is cognizant of its duty to liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons that follow, the undersigned finds Defendant's Motion well-taken and therefore recommends it be **GRANTED** and the Clerk's Entry of Default ("Default") thereby set aside. The undersigned further recommends that the presiding judge order Defendant to file a formal answer or other responsive pleading to Plaintiff's Complaint within 14 days of the Default having been set aside.

---

[1] By an Order of Reference filed February 9, 2024 (Doc. 22), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

## BACKGROUND

Plaintiff filed his Complaint against Defendant and others on November 20, 2023. Doc. 1. Defendant, through its chairman, sent a letter to the Court, wherein it disputes Plaintiff's claims and otherwise disclaims liability. Doc. 9. The remaining Defendants filed formal answers through counsel. Docs. 10, 11. The Court entered an *Initial Scheduling Order* on December 15, 2023. Doc. 12. Therein, the Court reminded Plaintiff that "Defendant Central and Northern NM Apprenticeship Training Program has not yet entered an appearance in this matter and it is [your] responsibility to serve a copy of this Order on that Defendant and file a certificate of service with the Court documenting such service." *Id.* at 3 n.4. Defendant, through its chairman, participated in the parties' meet-and-confer pursuant to Rule 26(f), and aided in compiling their Joint Status Report and Provisional Discovery Plan. Doc. 15. However, Defendant failed to appear at the Court's Telephonic Rule 16 Scheduling Conference held on February 2, 2024. Doc. 19.

The Court issued an *Order to Show Cause* directing Defendant to show cause why "it has yet to obtain counsel and timely file a formal responsive pleading to the Complaint" and why "it failed to appear at the Rule 16 Scheduling Conference." Doc. 20. Defendant submitted a wholly inadequate response on February 12, 2024. Doc. 23. The Court held a hearing to discuss the status of the case on February 13, 2024. Doc. 28. In the meantime, Plaintiff moved for and obtained a Default against Defendant. Docs. 26, 27. At the hearing, the Court directed Defendant's chairman to obtain counsel to represent Defendant by March 15, 2024, or otherwise update the Court on its progress in doing so. Doc. 28 at 2. On March 5, 2024, Defendant, through counsel, filed the instant Motion. Doc. 29.

**ANALYSIS**

The Court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The good-cause standard is a less demanding standard than the excusable-neglect standard which must be shown for relief from judgment under Rule 60(b).  *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  The Court considers "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense" in assessing the good-cause standard under Rule 55(c).  *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished table decision).  The Court need not consider each one of these factors and may consider other factors in its discretion.  *Id.*  The Court remains cognizant that the preferred disposition of cases is on the merits.  *Gomes v. Williams*, 420 F.3d 1364, 1366 (10th Cir. 1970).

With respect to the first factor, "a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."  *United States v. Timbers Pres.,* 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996).  This factor weighs in Defendant's favor.  Defendant's excuse is ignorance of the judicial and adversarial processes.  Docs. 25 at 5-6; 34 at 2-3.  The Court, having conducted a status conference and hearing from Defendant on this issue, does not hesitate to conclude that Defendant did not act willfully.  The requirement that Defendant, a non-person litigant, retain counsel was the primary cause for the Court's intervention in this case thus far.  *See* Docs. 23, 28.  Defendant's conduct can accurately be attributed to unfamiliarity with the process of civil litigation.  Moreover, Defendant did not simply ignore Plaintiff's Complaint but submitted a letter to the Court outlining its position.  Defendant has responded to the Court when ordered and

appeared as ordered, save for the Court's Telephonic Rule 16 Scheduling Conference.

Defendant also promptly retained counsel when ordered to do so and thereafter filed the instant

Motion.  In light of these facts, the Court will not impute culpable conduct to Defendant.  *See*

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir.

2010) (describing "culpable conduct" as intentionally failing to answer by acting in bad faith "to

take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise

manipulate the legal process" (internal quotation marks and citation omitted)); *Savin Corp. v.*

*C.M.C. Corp.*, 98 F.R.D. 509, 511 (N.D. Ohio 1983) (concluding that the defendant "did not act

willfully or in bad faith" because he "expeditiously moved to remedy his mistake"); *Crapnell v.*

*Dillon Cos.*, No. 14-CV-1713, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) ("[A] party's

prompt motion to set aside an entry of default serves to mitigate any culpability that may exist.").

As to the second factor, courts "generally conclude that no substantial prejudice will be

caused by granting relief" to the party against whom default was entered.  10A Charles Alan

Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2699 (4th ed.).

Plaintiff has not explained how he would be prejudiced by the Court setting aside the Default.  In

fact, Plaintiff's response relies entirely on Rule 60(b).  Doc. 33.  As noted above, the good-cause

standard applicable here under Rule 55(c) is less demanding the excusable-neglect standard

applicable for relief under Rule 60(b).  *See Dennis Garber*, 1115 F.3d at 755 n.6.  In the absence

of a showing that setting aside the Default would thwart Plaintiff's recovery, result in a

challenging discovery process or lost evidence, or impose other unreasonable burdens, the Court

will not conclude that Plaintiff will be prejudiced.  *See Federal Practice and Procedure* § 2699.

And regarding the final factor, "the court examines the allegations contained in the

moving papers to determine whether the movant's version of the factual circumstances

surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Here, Defendant asserts that the letter its chairman sent to the Court disputing Plaintiff's allegations "presents many defenses." Doc. 34 at 3.[2] Defendant also claims that it "has other meritorious defenses that will be presented to the Court, such as Plaintiff's failure to exhaust his administrative remedies as to Defendant." Doc. 34 at 3. These arguments notwithstanding, the moving papers here do not provide the Court with enough information to evaluate whether Defendant does indeed have a meritorious defense. *See In re Stone*, 588 F.2d at 1319 (noting the necessity of "more than mere legal conclusions, general denials, or simple assertions" and "a sufficient elaboration of facts").

In sum, of the three factors considered for setting aside a default under Rule 55(c), two weigh in Defendant's favor: culpability and prejudice. While Defendant has failed to provide facts to demonstrate the existence of a meritorious defense, no single factor is dispositive, and the Court concludes that the weight of the first two factors is sufficient to set aside the Default. *See, e.g.*, *Gold v. State Farm Mut. Auto. Mobile Ins. Co.*, No. 17-CV-1348, 2018 WL 1010943, at *2 (D. Colo. Feb. 22, 2018) ("Given the other factors—culpability and prejudice—weigh in favor of setting aside the entry of default, the [c]ourt finds that any doubts in regard to the existence of a meritorious defenses should be resolved in [the] defendant's favor."); *see also Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. May 31, 1994) ("Although the [c]ourt finds the [d]efendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits."); *J&J Sports Prods., Inc. v.*

---

[2]    Generally, the Court will not consider arguments raised for the first time in a party's reply brief. *See Brubach v. City of Albuquerque*, 893 F. Supp. 2d 1216 (D.N.M. 2012). However, given the unusual way the briefing unfolded here, *see* Doc. 31, and the low bar to demonstrate a meritorious defense in this context, the Court will not hold this against Defendant. *See Super Film of Am., Inc. v. UCD Films, Inc.*, No. 02-CV-4146, 2004 WL 2413497, at *2 (D. Kan. Sept. 23, 2004) ("The burden to show a meritorious defense is light." (citing *In re Stone*, 588 F.2d at 1319)).

*Prado*, No. 07-CV-2104, 2008 WL 822159, at *2 (E.D. Cal. Mar. 27, 2008) ("In a motion to set aside a default, any doubts as to whether [the d]efendants have a meritorious defense are to be resolved in their favor." (citing *Quaker Valley Sch. Dist. v. Emps. Mut. Liab. Ins. Co.*, 96 F.R.D. 423 (W.D. Pa. 1983)). The undersigned thus recommends that the presiding judge set aside the Default.

In light of this recommendation, the undersigned further recommends that the presiding judge order Defendant to file a formal answer or other responsive pleading to Plaintiff's Complaint within 14 days of the Default having been set aside. As already noted, Defendant submitted a letter to the Court addressing Plaintiff's Complaint but has yet to formally answer the same. Defendant must answer the claims Plaintiff brings against it. *See Upky v. Lindsey*, No. 13-CV-553, 2015 WL 1918229, at *29 (D.N.M. Apr. 7, 2015) (noting that setting aside an entry of default but not permitting an answer from the defendant renders the former act meaningless); *cf. Joe Hand Promotions, Inc. v. Reyes*, No. 11-CV-6334, 2012 WL 5205833 at *1-*2 (N.D. Cal. Oct. 22, 2012) (setting aside an entry of default and ordering the defendant to answer though the defendant's counsel had sent a letter to the plaintiff's counsel).

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the presiding judge **GRANT** Defendant's Motion and thereby set aside the Default. The undersigned further recommends that the presiding judge order Defendant to formally answer or otherwise respond to the Complaint within 14 days of the Default having been set aside.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
United States Magistrate Judge