IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRISTAN W. HOOD,

    **Plaintiff,**

v.                                                     Civ. No. 23-1024 JB/JFR

COMMERCIAL ENTERPRISES INC.,
GRANCORE ENTERPRISES INC., AND
CENTRAL AND NORTHERN NM
APPRENTICESHIP TRAINING PROGRAM,

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C §§ 636(b)(1)(B), (b)(3) and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 22. Plaintiff, proceeding pro se, initiated this litigation by filing his Complaint against Defendants on November 20, 2023. Doc. 1. Presently pending in this case is *Defendant Central & Northern NM Apprenticeship Training Program's Motion to Dismiss*. Doc. 22. Plaintiff has not responded to the Motion. The Court scheduled a Settlement Conference to take place on June 12, 2024, and directed the parties to exchange settlement correspondence and confidential position statements and submit both to the Court. Doc. 17. Plaintiff did not comply. On May 31, 2024, the Court entered an *Order to Show Cause*, directing

---

[1] By an Order of Reference filed February 9, 2024 (Doc. 22), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

Plaintiff to show cause by June 5, 2024, why his case should not be dismissed for failure to prosecute and comply with Court orders and the rules of procedure. Doc. 46. Plaintiff did not do so. Plaintiff has ceased participation in discovery and failed to appear at the Pre-Settlement Status Conference held on June 6, 2024. Doc. 48.

For the reasons that follow, the undersigned recommends that the presiding judge **DISMISS** this case **WITHOUT PREJUDICE.**

## I. ANALYSIS

"Pro se litigants are required to follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules." *Ollison v. Curry Cnty. Det. Ctr.*, 429 F. Supp. 3d 920, 922 (D.N.M. 2019) (citing *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)). The Court may, in its discretion, dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) ("Involuntary Dismissal") for failure to prosecute or comply with the Federal Rules of Civil Procedure, local rules, or orders of the Court. *Ollison*, 429 F. Supp. 3d at 922 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)); *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979). Dismissal without prejudice is far less harsh than dismissal with prejudice because the litigant retains the ability to seek vindication of the claims he is pursuing. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Phillips v. Pub. Serv. Co. of N.M.*, 492 F. App'x 407, 409 (10th Cir. 2003). For this reason, the Court need not conduct its analysis according "to any particular procedures." *Nasious*, 492 F.3d at 1162. Instead, the Court's reasoning must rest on the procedural history of the case. *Petty*, 591 F.2d at 617.

In cases where a dismissal is *with* prejudice, the district court is to consider five factors articulated by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *Faircloth v. Hickenlooper*, 758 F. App'x 659, 661 (10th Cir. 2018). Some judges have found the

2

*Ehrenhaus* factors helpful, however, when dismissing cases *without* prejudice. *See, e.g.*, *Williams v. UnitedHealth Group*, No. 18-CV-2096, 2020 WL 1329455, at *3 (D. Kan. Mar. 23, 2020). They are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) the effectiveness of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. "These factors do not constitute a rigid test; rather they represent criteria for the district court to consider before imposing dismissal as a sanction." *Id.*; *see also Williams*, 2020 WL 1329455, at *3 ("These factors are not exhaustive, and the Court need not weigh them equally.").

In the interest of completeness, in addition to considering procedural history, the Court will also weigh the *Ehrenhaus* factors against the circumstances of this case.

**A.     Procedural History**

The procedural history of this case is straightforward. Plaintiff filed his Complaint against Defendants on November 20, 2023. Doc. 1. The Court issued an Initial Scheduling Order (Doc. 12) and held a Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 on February 2, 2024. Doc. 19. Plaintiff participated in compiling the Joint Status Report and Provisional Discovery Plan and was present at the hearing. Docs. 15, 19. The Court held a hearing on February 28, 2024, to address Defendant Central and Northern NM Apprenticeship Training Program's failure to appear at the Scheduling Conference and comply with Federal Rule of Civil Procedure 12(a)(1)(A)(i) and this District's Local Rule of Civil Procedure 83.7. Docs. 20, 28. Plaintiff was present at the hearing. Doc. 28. Prior to the hearing, Plaintiff moved for and obtained a Clerk's Entry of Default against Defendant Central and Northern NM Apprenticeship Training Program. Docs. 26, 27. Plaintiff also responded in opposition to

Defendant Central and Northern NM Apprenticeship Training Program's *Motion to Set Aside Default* (Doc. 29) on April 1, 2024.  Doc. 33.

Plaintiff has ceased prosecuting his case since that time.  On April 10, 2024, Defendant Central and Northern NM Apprenticeship Training Program moved to extend is initial disclosure deadline.  Doc. 36.  Plaintiff did not provide his position and did not respond to the motion.  Doc. 36 at 3.  Defendant Central and Northern NM Apprenticeship Training Program filed a *Motion to Dismiss* (Doc. 22) on May 2, 2024.  Plaintiff has not responded.  The Court scheduled a Settlement Conference to take place on June 12, 2024, and directed the parties to exchange settlement correspondence and confidential position statements and submit both to the Court.  Doc. 17.  Plaintiff did not comply.  On May 31, 2024, the Court entered an *Order to Show Cause*, directing Plaintiff to show cause by June 5, 2024, why his case should not be dismissed for failure to prosecute and comply with Court orders and the rules of procedure.  Doc. 46.  Plaintiff did not do so.  Plaintiff failed to appear at the Pre-Settlement Status Conference held on June 6, 2024.  Doc. 48.  At the Pre-Settlement Status Conference, defense counsel informed the Court that Plaintiff has been unresponsive to discovery requests.  *Id.*

Taken together, the procedural posture of this case indicates that Plaintiff is no longer actively prosecuting his claims.  Moreover, he has not complied with the rules of procedure as he failed to respond to the outstanding *Motion to Dismiss*, and has not complied with the Court's orders to engage in settlement correspondence with Defendants and the Court, to show cause why his case should not be dismissed, and to appear at the Pre-Settlement Status Conference.  This conduct constitutes sufficient grounds to dismiss Plaintiff's claims without prejudice under Rule 41(b).  *See, e.g.*, *Ollison*, 429 F. Supp. 3d at 922.  The Court turns to the *Ehrenhaus* factors.

B.     *Ehrenhaus* Factors

   *1.     Prejudice*

First, the Court considers the prejudice Defendants have suffered from Plaintiff's litigation conduct.  Defendants have spent time and resources engaging in motions practice, seeking discovery and preparing to engage in settlement negotiations to no avail.  "It would further waste Defendants' time and resources to require continued defense when it appears that Plaintiff is either unwilling or unable to continue the case." *Arakji v. Hess*, No. 15-CV-681, 2016 WL 759177, at *2 (D. Colo. Feb. 26, 2016) (citing *Williams v. Ocwen Loan Servicing, LLC*, No. 10-CV-1578, 2011 WL 1595991, at *2 (D. Colo. Mar. 15, 2011), *adopted* 2011 WL 1597664 (D. Colo. Apr. 27, 2011), for the proposition that a plaintiff's neglect of a case prejudices the defendants because the defendants have already expended time and resources to engage in motions practice and continued defense would waste additional time and resources).  The Court concludes that Defendants have suffered prejudice, though not egregious prejudice, by Plaintiff's failure to prosecute his claims.  *See Williams*, 2011 WL 1595991, at *2.

   *2.     Interference with the Judicial Process*

Next, the Court considers the amount of interference with the judicial process caused by Plaintiff's conduct.  This consideration is rooted in "respect for the judicial process and the law." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003).  Plaintiff's failure to file a responsive pleading to the outstanding dispositive motion, respond to discovery requests, and comply with the local rules, his disregard for the Court's directives regarding settlement and showing cause, and his non-appearance before the Court as required evinces an indifference to this principle.  In fact, failure to respond to orders of the Court demonstrates a "lack of respect" and increases the workload of the Court.  *Arakji*, 2016 WL 759177, at *2; *see also Davis v. Miller*, 571 F.3d 1058,

5

1062 (10th Cir. 2009) (stating, with respect to the second *Ehrenhaus* factor: "This factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders.").

### 3. *Plaintiff's Culpability*

Third, the Court considers Plaintiff's culpability. Nothing before the Court indicates that Plaintiff is not wholly responsible for the present status of this litigation. It is his failures to respond to a dispositive motion, discovery requests, and the Court's *Order to Show Cause*, participate in the exchange of settlement letters, and his non-appearance at the Pre-Settlement Status Conference that have prompted the Court to *sua sponte* evaluate his willingness to prosecute his case. Indeed, the culpability for the present standstill in this litigation falls squarely on Plaintiff, who has at all times proceeded pro se. *See Witherspoon v. Roadway Express, Inc.*, 142 F.R.D. 492, 493-94 (D. Kan. 1992) (concluding that a pro se plaintiff was "clearly culpable" because, *inter alia*, he failed to cooperate with discovery, attend a hearing, and ignored court orders).

### 4. *Prior Warning to Plaintiff*

Fourth, the Court considers whether Plaintiff was warned that noncompliance would likely result in dismissal. This factor is readily satisfied. In its *Order to Show Cause*, the Court informed Plaintiff that his case could be dismissed *sua sponte* under Rule 41(b) for failure to prosecute. Doc. 46 at 1 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). The Court further stated that Plaintiff's "[f]ailure to timely show cause may result in dismissal of this case." *Id.* at 2. This notice is more than adequate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (discussing the type of warning required before dismissal for failure to prosecute).

6

      5.      *Efficacy of Lesser Sanctions*

Finally, the Court considers the efficacy of lesser sanctions. In this situation, the Court concludes the most appropriate action is dismissal without prejudice because any sanction short of dismissal will perpetuate the harm caused to Defendants in "managing an open-ended case." *Williams*, 2020 WL 1329455, at *4. While, as noted above, dismissal is a harsh sanction, dismissal without prejudice is considerably less harsh because Plaintiff retains access to the Court to pursue his claims. *Nasious*, 492 F.3d at 1162. Moreover, this specific course of action is particularly appropriate given the facts with which the Court is confronted. Even if the Court ordered lesser sanctions, it has no reason to believe that Plaintiff would comply or otherwise resume participation in this litigation. *See, e.g.*, *Crespin v. Bernalillo Cnty. Metro. Det. Ctr.*, No. 20-CV-753, 2023 WL 5846842, at *3 (D.N.M. Sept. 11, 2023) ("[N]o lesser sanction would be effective. Given [the p]laintiff's complete failure to participate in the case, any sanction less than dismissal would likely result in the same problem: [The p]laintiff would continue to not respond to Court orders and the case would be unable to move forward."), *adopted* 2023 WL 10681875 (D.N.M. Oct. 13, 2023). In short, "[i]t appears that Plaintiff is no longer capable of or interested in prosecuting this case." *Arakji*, 2016 WL 759177, at *2.

## II. CONCLUSION AND RECOMMENDATION

In light of the procedural history of this case and having weighed the *Ehrenhaus* factors against the circumstances present here, the Court is convinced that Plaintiff is no longer prosecuting his case and dismissal without prejudice under Rule 41(b) is appropriate at this juncture. Because such dismissal is without prejudice, Plaintiff may seek to litigate his claims at such time when he can actively prosecute them, should he choose to do so.

For the foregoing reasons, the undersigned recommends that the presiding judge **DISMISS** Plaintiff's claims for failure to prosecute and follow the rules of procedure and orders of the Court.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge